UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ENRIQUE GUTIERREZ RIVERA,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

Case No. 1:26-cv-693

Honorable Jane M. Beckering

**<u>OPINION</u>**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.  Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner, or in the alternative, order a bond hearing where the government bears the burden to prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. (Pet., ECF No. 1, PageID.25; Reply, ECF No. 8, PageID.115.)

In an Order entered on March 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on March 6, 2026 (ECF No. 6), and Petitioner filed his reply later that same day (ECF No. 7).

## II.    Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 1998 without inspection (Pet., ECF No. 1, PageID.4; 2025 Form I-213, ECF No. 1-4, PageID.61.) On August 23, 2025, Petitioner encountered Customs and Border Patrol (CBP) agents on the Ambassador Bridge in Detroit, Michigan. (Pet., ECF No. 1, PageID.9; 2025 Form I-213, ECF No. 1-4, PageID.61.) Petitioner's family member was driving him to Walmart when they took a wrong turn and mistakenly took the exit to the United States-Canadian border. (Pet., ECF No. 1, PageID.9; 2025 Form I-213, ECF No. 1-4, PageID.61.)

On November 25, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Rivera v. Raycraft* (*Rivera I*), No. 1:26-cv-523 (W.D. Mich.).[1] In *Rivera I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Rivera I*, (W.D. Mich. Feb. 20, 2026), (ECF Nos. 25, 26).

On February 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.12.) At the conclusion of the bond hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

---

[1] Petitioner originally filed his habeas petition challenging his initial detention without a bond hearing in the United States District Court for the Eastern District of Michigan in No. 2:25-cv-13799 (E.D. Mich.). The case was subsequently transferred to this Court. Stip. Order Transferring Case, *Rivera I*, No. 1:26-cv-523 (W.D. Mich. Feb. 13, 2026), (ECF No. 21, PageID.455.)

Respondent has entered the United States unlawfully on more than one occasion and has previously been granted voluntary departure. Respondent indicates he last unlawfully entered the United States in 1998, and he has remained in the United States since his entry. Despite Respondent's lengthy presence in the United States, he did not seek to gain lawful status until after he was detained by immigration officials. In December 2025, Respondent filed an asylum application based upon fear of harm in a country he states he has not visited in more than 20 years. In February 2026, Respondent filed a U-Visa application with USCIS. Any relief respondent seeks is speculative.

Respondent does not own any property and he is not employed in the United States and must rely on his brother to financially support him. Respondent has not presented evidence of any financial obligations or other obligations such as family responsibilities which would require him to maintain a steady address.

The Court finds Respondent is a flight risk and declines to change his custody status.

(Feb. 27, 2026, Immigration Judge Order, ECF No. 1-2, PageID.29.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on February 27, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

3

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:     March 24, 2026                          /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge